# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Treshunah Aqualana Thomas,** ) | **Civil Case No. 2:14-cv-04716-DCN-MGB** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Synter Resource Group, LLC; John** ) | |
| **Bello; Stacey Davis; and John Church,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

The Plaintiff, appearing *pro se*, filed this action for employment discrimination on December 12, 2014. (Dkt. No. 1.) This matter has been referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B). The Defendants have jointly filed a Motion to Dismiss pursuant to Rules 12(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 21.) The Defendants' motion seeks dismissal of the Plaintiff's claims against the individual defendants and claims where the Plaintiff did not exhaust her administrative remedies. (Id.) If is a partial motion to dismiss and is not seeking to dismiss the claims made against Synter that have been administratively exhausted. The Plaintiff filed a response to the Defendants' motion on May 12, 2015. (Dkt. No. 26.) On May 13, 2015, the Plaintiff filed a motion for summary judgment titled "Motion for Failing to Properly Support or address a Fact." (Dkt. No. 29.)

## **ALLEGED FACTS[1] & PROCEDURAL HISTORY**

---

[1] In a motion to dismiss the court must accept the Plaintiff's alleged facts as true and view them in a light most favorable to the Plaintiff. Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996).

The Plaintiff worked at Defendant Synter Resource Group ("Synter") as an employee of Dunhill Staffing Agency from August 19, 2013 until November 17, 2013, when she was hired directly by Synter. (Dkt. Nos. 1-1 at 39-40; 21 at 1.) The Plaintiff continued to work for Synter for some time, but the record is not clear when her employment ended. The Plaintiff alleges the Defendants' actions created a hostile work environment based on sex and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. No. 1-1 at 2-5.) The Plaintiff alleges she was harassed by Defendant Bello, her supervisor at Synter, in various ways including placement of a noose around a co-workers neck, taunting of the Plaintiff with her check, touching the Plaintiff's shoulder, "jumping" in the Plaintiff's face, and being rude to the Plaintiff. (Dkt. No. 1-1 at 2-5.) On February 5, 2014, the Plaintiff reported Defendant Bello's actions to Defendant Church, the Vice President of Operations for Synter. (*Id.*) Defendant Church advised the Plaintiff to report Defendant Bello's activity to Defendant Davis, the Human Resources Manager for Synter. (*Id.*) The Plaintiff did not want to discuss Defendant Bello with Defendant Davis because the Plaintiff knew Defendants Bello and Davis were friends and feared she would be retaliated against if she talked to Defendant Davis. (*Id.*) The Plaintiff spoke to Defendant Davis despite her concerns and reported Bello's actions. (*Id.*) The Plaintiff alleges another employee was fired for reporting Bello's actions. (*Id.*)

The Plaintiff also alleges the Defendants are liable under the Americans with Disabilities Act ("ADA") for failing to provide her with reasonable accommodation after being made aware of her disability. (Dkt. No. 1-1 at 6-7.) The Plaintiff alleges she informed Synter that she had a disability on March 25, 2014. (*Id.*) She was told by Defendants Church and Stacy that the Plaintiff could take a week off for doctor's appointments, but then would be fired. (*Id.*) Subsequently the Plaintiff requested "Non-FMLA qualifying medical leave" because she was not

given accommodations under the ADA.  At some point, the Plaintiff was allowed to work part time due to her medical needs.  On December 8, 2014, the Plaintiff received an email from Defendant Davis that Davis had been informed by the Plaintiff's doctor that a part time schedule was no longer medically necessary and the part time schedule would end January 1, 2015 per the Plaintiff's "FMLA paperwork." (*Id.*)  The Plaintiff was then suspended for a week by Defendant Davis because Davis said the Plaintiff threatened Synter. (*Id.*)

The Plaintiff alleges she was subject to retaliation, disparate treatment and "pattern/practice discrimination" in violation of Title VII.  (Dkt. No. 1-1 at 24-25.)  The Plaintiff alleges Synter treats African American females differently than Caucasian females and males. (*Id.*)  She alleges Defendant Bello subjected African American females to "intimidation, retaliation, Harassment and ridiculed with lewd comments." (*Id.*)  The Plaintiff alleges that African American employees are demoted with pay decreases while Caucasian employees are promoted and given raises.  (*Id.*)  The Plaintiff alleges examples of white employees being paid more and being allowed to work part-time. (*Id.*)  The Plaintiff alleges other African American females were retaliated against. (*Id.*)

The Plaintiff filed an EEOC Charge of Discrimination on April 3, 2014 that was later amended ("the Charge").  (Dkt. Nos. 1-1 at 50-51; 26-1 at 58-59.)  The Charge alleges discrimination based on race, retaliation, and disability. (*Id.*)  The Charge does not mention sex or gender discrimination or raise any issues with wages paid.  (*Id.*)  The South Carolina Human Affairs Commission ("SCHAC") issued its Dismissal and Notice of Right to Sue on or about August 18, 2014, and the Equal Employment Opportunity Commission adopted SCHAC's findings and issued a similar Dismissal and Notice of Right to Sue on September 4, 2014. (Dkt. Nos 26-1 at 16-17, 34-35.)

**Defendants' Motion to Dismiss (Dkt. No. 21)**

   A.  Dismissal of Individual Defendants Under Rule 12(b)(6)

The Defendants' motion to dismiss Defendants Bello, Davis, and Church is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

     The Complaint contains three claims against Defendants Bello, Davis, and Church all of which arise under Title VII and the ADA.  The Fourth Circuit has held that individuals cannot be held liable under Title VII or the ADA.  *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding "supervisors are not liable in their individual capacities for Title VII

violations"); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding Title VII and the ADA "do not provide for causes of action against defendants in their individual capacities"); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) (holding "ADA does not recognize a cause of action for discrimination by private individuals"). Therefore, this court recommends that Defendants Bello, Davis, and Church be dismissed as parties to this lawsuit.

    B.  <u>Dismissal of Claims Not Contained Plaintiff's Charge Pursuant to Rule 12(b)(1)</u>

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The Fourth Circuit has characterized the exhaustion of administrative remedies in Title VII claims to be a jurisdictional requirement and subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Agolli v. Office Depot, Inc.*, 548 F. App'x 871, 875 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (citing *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). Only acts occurring within 300 days of the date an EEOC charge is filed are actionable under Title VII. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Filing a charge with the EEOC serves the functions of notifying the alleged offending party of the claims and allowing that party to voluntarily comply with Title VII in the proceeding before the EEOC. *Balas*, 711 F.3d at 407. The EEOC charge "serves a vital function in the process of remedying an unlawful employment practice." *Id.*

The EEOC charge limits the scope of any subsequent Title VII lawsuit to only the allegations contained in the charge. *Id.* (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir.1996)). EEOC charges must be read by courts with the "utmost liberality." *Id.* at 408 (internal citations and quotations omitted.) However, courts "are not at

liberty to read into administrative charges allegations they do not contain." *Id.*  If a party alleging discrimination finds that their EEOC charge is incomplete, the proper recourse is an amended EEOC charge, not federal court.  *Id.*  "If the plaintiff's Title VII claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred."  *Id.* at 407 (internal citations and quotations omitted).

The Plaintiff's Charge alleged discrimination based on race, retaliation, and disability. (Dkt. Nos. 1-1 at 50-51; 26-1 at 58-59.)  The Fourth Circuit has held that "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis-such as race-and he introduces another basis in formal litigation-such as sex." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).  Under the most liberal reading, the Charge does not mention sex or gender discrimination.  (*Id.*)   The Plaintiff claims in her Complaint that she was subject to gender harassment and discrimination in violation of Title VII.  (Dkt. No. 1.) This court does not have subject matter jurisdiction over these claims because they were not administratively exhausted.  Therefore this court recommends the Plaintiff's Title VII claims for gender harassment and discrimination be dismissed for lack of jurisdiction.

In the third cause of action in the Complaint, the Plaintiff alleges she was paid less than a white female employee when the Plaintiff was demoted with a pay deduction and the white female was promoted and given a raise. (Dkt. No. 1 at 24-25.)  The Defendants argue that the claims related to disparity in wages were not included in the Charge, and therefore this court does not have jurisdiction.  (Dkt. No, 21 at 6.)  The Charge does include allegations concerning the Plaintiff being demoted while a white employee was promoted to her old position.  (Dkt. No.

26-1 at 58.) Reading the Charge with the utmost liberality, the Charge included the discussion of the promotion and demotion spoken of in the Complaint. Wage changes that resulted from being demoted or promoted "would naturally have arisen from an investigation" of the promotion and demotion based on race. *Balas*, 711 F.3d at 407. Therefore, this court recommends as to the wage claims in the Plaintiff's third cause of action that the Defendants' Motion to Dismiss be denied.

### Plaintiff's Motion for Failing to Properly Support or address a Fact (Dkt. No. 29)

The Plaintiff's Motion for Failing to Properly Support or address a Fact is a one page document containing one substantive paragraph. That paragraph states that the Defendants have "failed to properly address the Plaintiff's assertions of facts as required by Rule 56(c)." (Dkt. No. 29.) In the case at bar, the Defendants have filed a motion under Rule 12 that is still pending and the subject of this Report and Recommendation. (Dkt. No. 21.) The Defendants filed an Answer on April 6, 2015. (Dkt. No. 20.) The Answer contains many denials and fourteen defenses. (*Id.*) Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As such, the Plaintiff's motion for summary judgment is premature because the court cannot yet determine if any genuine issues of material fact may exist. Therefore, this court recommends that Plaintiff's Motion for Failing to Properly Support or address a Fact be denied. This court recommends this denial be without prejudice as this motion is not yet ripe.

### RECOMMENDATION

Accordingly, the Magistrate Judge **RECOMMENDS** that the Defendants' Motion to Dismiss (Dkt. No. 21) be **GRANTED** as to the all the Plaintiff's claims (Title VII and ADA)

against Defendants Bello, Davis and Church and any claims of gender harassment and discrimination in violation of Title VII.  The undersigned **RECOMMENDS** the same be **DENIED** as to the wage claims in the Plaintiff's third cause of action.   Finally the undersigned **RECOMMENDS** that Plaintiff's Motion for Failing to Properly Support or address a Fact (Dkt. No. 29) be **DENIED**.

    **IT IS SO RECOMMENDED.**

December 7, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).