## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Treshunah Aqualana Thomas, | ) | C/A No. 2:14-cv-4716 DCN MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Synter Resource Group, LLC; John | ) | |
| Bello; Stacey Davis; and John Church, | ) | |
| | ) | |
| Defendants. | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation defendants' motion to dismiss be granted as to all plaintiff's claims (Title VII and ADA) against defendants Bello, Davis and Church and any claims of gender harassment and discrimination in violation of Title VII. It was further recommended the same be denied as to the wage claims in plaintiff's third cause of action. It was further recommended that plaintiff's motion for failing to properly support or address a fact be denied.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984 ).[1]  **Objections to the magistrate judge's report and recommendation were timely filed on December 21, 2015.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** and defendants' motion to dismiss is **GRANTED** as to all plaintiff's claims (Title VII and ADA) against defendants Bello, Davis and Church, and any claims of gender harassment and discrimination in violation of Title VII.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **DENIED** as to the wage claims in plaintiff's third cause of action.

**IT IS FURTHER ORDERED** that plaintiff's motion for failing to properly support or address a fact is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the magistrate judge for all remaining pending motions and discovery.

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

January 5, 2016
Charleston, South Carolina

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

### *NOTICE OF RIGHT TO APPEAL*

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure